IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>vs.<br><br>STEVEN ROSS WILCOX,<br><br>             Defendant. | 4:12-CR-3043<br><br>ORDER |

      This matter is before the Court on correspondence from the defendant, Steven Ross Wilcox, that the Court has construed as a motion to modify the conditions of the defendant's supervised release (filing 2). The Court has carefully considered Wilcox's request, but will deny his motion.

      Pursuant to 18 U.S.C. § 3583(e)(1), the Court may terminate a term of supervised release and discharge the defendant at any time after the expiration of 1 year of supervised release, if it is satisfied that such action is warranted by the conduct of the defendant released *and* the interest of justice. *See also* Fed. R. Crim. P. 32.1(c) and (d). In making that determination, the Court must consider several factors, including, among other things, the nature and circumstances of the offense and the history and characteristics of the defendant; the need to deter criminal conduct, protect the public, and provide the defendant with needed rehabilitative treatment; and the need to avoid unwarranted sentence disparities among similarly situated defendants. *See*, 18 U.S.C. §§ 3553(a) and 3583(e).

      Wilcox was sentenced to, among other things, a 4-year term of supervised release. Filing 1 at 16. This was, in fact, the statutory minimum. *See* 21 U.S.C. § 841(b)(1)(B) ("[n]otwithstanding [§ 3583], any sentence imposed under this subparagraph shall, in the absence of such a prior conviction, include a term of supervised release of at least 4 years in addition to such term of imprisonment"). The Court assumes, without deciding, that it nonetheless has the statutory authority, pursuant to § 3583(e), to discharge the defendant from supervised release before he has completed his term. *See United States v. Spinelle*, 41 F.3d 1056, 1058-61 (6th Cir. 1994). But discharging a defendant who has not yet served a statutory-minimum term would create sentencing disparities with other defendants, and a specified statutory minimum is a Congressional policy choice that the Court is extremely reluctant to override.

Wilcox is absolutely to be commended for the progress he has made, in prison and since his release, building a life for himself and his new family. The "history and characteristics of the defendant" are markedly different than they were when Wilcox was sentenced. *See* § 3553(a)(1). But the Court must also consider the nature and circumstances of the offense, *see id.*, and, as the probation office has pointed out, the offense was serious: Wilcox was involved in dealing large quantities of methamphetamine, he possessed a weapon in relation to the offense, and he hampered the ongoing investigation by warning a co-defendant. The Court has no reason to doubt that Wilcox has put that behavior behind him—but it will need to be just a bit farther behind him before his sentence will be fully discharged.

The probation office, while crediting Wilcox's progress, has recommended that he not yet be discharged from supervised release—and the Court takes that recommendation seriously. Should the probation office recommend that Wilcox be discharged from supervised release before his term is complete, the Court would also take that recommendation seriously. But in the absence of such a recommendation, and for the other reasons explained above, the Court will deny Wilcox's motion.

IT IS ORDERED:

1. Wilcox's motion to modify the conditions of his supervised release (filing 2) is denied.

Dated this 30th day of July, 2014.

BY THE COURT:

John M. Gerrard
United States District Judge

- 2 -